IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No.:  1:17CR33-01
                                                (JUDGE KEELEY)

DALE WESLEY JENKINS,

    Defendant.

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11 (ECF. No. 42). Defendant, Dale Wesley Jenkins, in person and by Federal Public Defender, Craig P. Erhard, appeared before me on August 16, 2017. The Government appeared by Assistant United States Attorney, Stephen D. Warner. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Six of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate

Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Dale Wesley Jenkins only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was not, and counsel for Defendant confirmed the same. Counsel for Defendant further indicated

that all of the offers were discussed with Defendant, which Defendant confirmed on the record. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for Defendant and Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with their understanding of the agreement. The undersigned further inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written plea agreement filed and made part of the record.

The undersigned then reviewed with Defendant Count Six of the Indictment and the elements the Government would have to prove, charging him with Distribution of Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Subsequently, Defendant Dale Wesley Jenkins pled **GUILTY** to the charge contained in Count Six of the Indictment. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Government proffered a factual basis for the plea. Neither counsel for Defendant nor Defendant disputed the proffer when given the opportunity to do so.

Defendant stated he heard, understood, and did not disagree with the Government's proffer. Additionally, Defendant provided a factual basis for the commission of the offense. The undersigned Magistrate Judge concludes the offense charged in Count Six of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Six of the Indictment and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Six was twenty years of imprisonment. The undersigned further determined Defendant understood a fine of not more than 1,000,000.00 could be imposed, both fine and imprisonment could be imposed, he would be subject to a period of at least three (3) years of supervised release, and the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that if he has a prior drug felony conviction, the maximum penalty which could be imposed upon conviction or adjudication of guilty on Count Six was thirty years, of imprisonment, a fine of $2,000,000.00 and a term of at least six (6) years of supervised release. Defendant further understood that his sentence could be increased if he had a prior firearm offense, or violent felony conviction. He also

4

understood he might be required by the Court to pay the costs of his incarceration, supervision, and probation.

The undersigned also informed Defendant whether he understood that by pleading guilty he was forfeiting other rights such as right to vote, right to serve on a jury, and the right to legally possess a firearm.

Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that he was waiving his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. From the foregoing, the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written

plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea agreement, and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea agreement and determined that Defendant understood, with respect to the plea agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Six of the Indictment. The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Six of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge

refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his guilty plea accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Dale Wesley Jenkins, with the consent of his counsel, Craig P. Erhard proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Six of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge

finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Six of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Six; and Defendant made a knowing and voluntary plea of guilty to Count Six of the Indictment. Moreover, the Government's proffer provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Six of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned magistrate judge remanded Defendant to the custody of the State of West Virginia.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result

in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(l); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied,</u> 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on August 17, 2017

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE